STATE OF WEST VIRGINIA

**FILED**

**May 23, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **H.W.**

**No. 15-0999** (Calhoun County 15-JA-12)

**MEMORANDUM DECISION**

Petitioner Father D.W., by counsel Ryan M. Ruth, appeals the Circuit Court of Calhoun County's September 17, 2015, order terminating his parental rights to H.W. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Tony Morgan, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) adjudicating him as an abusing parent; (2) proceeding to his disposition without requiring the DHHR to file a case plan for H.W.; and (3) terminating his parental rights when there were less restrictive dispositional alternatives available.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition alleging that H.W.'s sibling, K.F., disclosed to the mother that H.W. sexually abused her, and that the mother's boyfriend sexually abused both H.W. and K.F. Petitioner is not K.F.'s biological father.[2] As to petitioner, who resided in a separate home, the DHHR alleged that he failed to provide a suitable home for H.W., failed to protect H.W. from abuse, and failed to provide H.W. with proper medical care for infected bug bites. In April of 2015, the circuit court held a preliminary hearing, during which the mother testified regarding H.W.'s care in petitioner's home. According to the mother, H.W. slept on a cot in petitioner's home and petitioner told H.W. that he did not have "to

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The proceedings below concerned an additional child that is not petitioner's biological child. Because petitioner raises no argument regarding the circuit court's rulings regarding this child, the Court will not address them in this memorandum decision.

listen to [the mother] . . . and [H.W.] can beat on [the mother]." The mother also testified that she told petitioner about the sexual abuse allegations. Petitioner waived his right to the preliminary hearing.

In July of 2015, the circuit court held an adjudicatory hearing wherein petitioner did not appear in person but was represented by counsel. Petitioner's counsel reported to the circuit court that petitioner was still incarcerated in the State of Ohio. The guardian made an oral motion to have the testimony from the preliminary hearing treated as evidence in the adjudicatory hearing and the motion was granted without objection from petitioner. At the close of the hearing, the circuit court adjudicated petitioner an abusing parent based on its findings that petitioner failed to provide a suitable home for H.W., failed to protect H.W. from abuse by allowing him to reside with unsuitable persons, and emotionally abused H.W. In August of 2015, the DHHR filed notice to seek termination of petitioner's parental rights, and petitioner filed a motion for a post-adjudicatory improvement period.

In September of 2015, the circuit court held a dispositional hearing. Petitioner did not appear for the hearing in person but was represented by counsel. It was reported to the circuit court that petitioner was incarcerated in the State of Ohio. The circuit court took additional evidence regarding petitioner's abuse, including the mother's testimony that H.W. also told petitioner about the sexual abuse allegations. At the close of the hearing, the circuit court found that petitioner was unable to provide H.W. with a safe and stable home and unable to provide for H.W.'s psychological, emotional, physical, and financial needs. The circuit court further found that there was no evidence that petitioner would meaningfully participate in an improvement period and there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. As such, the circuit court terminated petitioner's parental rights by order dated September 17, 2015. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. Petitioner contends that there was insufficient evidence for adjudication.

An abused child is one whose "health or welfare is harmed or threatened by [a] parent, guardian or custodian who knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." W.Va. Code § 49-1-201(A). We have also explained that

> "W.Va. Code, [49-4-601(i)] [2015], requires the [DHHR], in a child abuse or neglect case, to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing proof.' The statute, however, does not specify any particular manner or mode of testimony or evidence by which the [DHHR] is obligated to meet this burden." Syllabus Point 1, *In Interest of S.C.*, 168 W.Va. 366, 284 S.E.2d 867 (1981).

Syl. Pt. 1, *In re Joseph A.*, 199 W.Va. 438, 485 S.E.2d 176 (1997) (internal citations omitted).

While there was limited evidence presented relating to the suitability of petitioner's home or H.W.'s emotional abuse, the circuit court properly adjudicated petitioner as an abusing parent because he failed to protect H.W. from sexual abuse. The record on appeal demonstrates that the mother testified that she disclosed to petitioner that H.W. was sexually abused by her boyfriend. There is no evidence on the record that petitioner took any action to protect H.W. from further abuse. Likewise, petitioner put forth no evidence to contradict the mother's testimony nor did he object to the guardian's motion to have the testimony from the preliminary hearing treated as evidence in the adjudicatory hearing. Based upon the record, the circuit court adjudicated petitioner an abusing parent based on its finding that he failed to protect H.W. from abuse by allowing him to reside with unsuitable persons. As such, we find that the circuit court did not err in adjudicating petitioner as an abusing parent.

Moreover, we have previously held that in "the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily,* 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000). As such, "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997). While petitioner contends that the mother was "not the most reliable witness," the circuit court was presented with the mother's testimony and it determined that her testimony concerning the disclosure of H.W.'s sexual abuse was credible. Thus, we find no error in the circuit court's adjudicating petitioner as an abusing parent.

Petitioner further argues that the circuit court erred in proceeding to his disposition without requiring the DHHR to file a case plan for H.W. We have previously recognized "the purpose of the family case plan as set out in [West Virginia Code § 49-4-604 (2015)], is to clearly set forth an organized, realistic method of identifying family problems and the logical steps to be used in resolving or lessening these problems." Syl. Pt. 5, *State ex rel. Dep't of Human Servs. v. Cheryl M.,* 177 W.Va. 688, 356 S.E.2d 181 (1987). While petitioner contends that the DHHR admitted that it did not file a family case plan as required by West Virginia Code § 49-4-604(a), it is clear from the record that all the information required by statute to be in the

family case plan was properly filed in the DHHR's dispositional hearing report and filed one month prior to the dispositional hearing. Moreover, petitioner admitted that the information contained in the DHHR's dispositional hearing report was sufficient to meet the statutory requirements. Further, the record is clear that petitioner did not object to the dispositional hearing report. We have previously held that "[w]aiver is the intentional relinquishment or abandonment of a known right. When there has been such a knowing waiver, there is no error and the inquiry as to the effect of the deviation from a rule of law need not be determined" Syl. Pt. 6, *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996). Based upon a thorough review of the record on appeal, we find that petitioner waived the issue about which he now complains.

Finally, petitioner argues that the circuit court erred in terminating his parental rights when there were less restrictive alternatives available. Specifically, petitioner contends that the circuit court erred in not granting him an improvement period or employing a disposition pursuant to West Virginia Code § 49-4-604(b)(5). West Virginia Code § 49-4-610 provides circuit courts with discretion in granting improvement periods upon a showing, by clear and convincing evidence, that the parent is likely to fully participate in such an improvement period. In petitioner's case, he failed to satisfy his burden under the statute. While petitioner complains that the DHHR failed to "consider looking into what programs were available through the correctional system in the State of Ohio," the evidence clearly indicates that he failed to prove that he was likely to participate in an improvement period. It is clear from the record that petitioner failed to participate in any of the proceedings, made no arrangements to participate in hearings by video or telephone, and presented no witnesses on his behalf. Based upon the circumstances before it, the circuit court found that there was no evidence that petitioner would meaningfully participate in an improvement period. Thus, the circuit court correctly denied petitioner's motion for an improvement period.

While petitioner contends that the circuit court erred in terminating his parental rights when there were less restrictive dispositions available, the record is clear that there was no less restrictive disposition available in his case. Specifically, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> "[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

Petitioner's complete unwillingness to cooperate in the proceedings provided the circuit court with sufficient grounds for its finding that the conditions of neglect or abuse could not substantially be corrected.

Moreover, the circuit court correctly terminated petitioner's parental rights upon its finding that that there was no reasonable likelihood that he could substantially correct the conditions of abuse and neglect and that termination was in H.W.'s best interest. In accordance

with West Virginia Code § 49-4-604(b)(6), upon such a finding, circuit courts are directed to terminate a parent's parental rights. Therefore, considering the evidence before it, the circuit court correctly terminated petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 17, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II